# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Lydia C. Brown,<br><br>      Plaintiff,<br><br>v.<br><br>Sam's East, Inc. d/b/a Sam's Club,<br><br>      Defendant. | 3:24-cv-04033-MGL<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>(Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994) |

Plaintiff Lydia C. Brown (hereinafter "Plaintiff"), complaining against Defendant Sam's East, Inc. d/b/a Sam's Club (hereinafter "Defendant"), would respectfully show unto this Court as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant to recover damages caused by Defendant's willful violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* (hereinafter "USERRA"). Each allegation is more fully set forth herein.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Lexington County, South Carolina.

2. Defendant is an Arkansas corporation registered to do business in South Carolina and operates a chain of warehouse stores called Sam's Club.

3. All the acts and omissions alleged against Defendant herein occurred during the time Plaintiff was an employee of Defendant in Columbia, South Carolina at the Sam's Club at 350 Harbison Boulevard, Columbia, SC 29212.

4. This Court has jurisdiction of this action under 38 U.S.C. § 4323(b).

5. Venue is proper in this judicial district under 38 U.S.C. § 4323(c) because Defendant does business within this judicial district.

6. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

7. This Court has subject matter and personal jurisdiction in this matter.

**FACTS**

8. Plaintiff began her employment with Defendant on August 9, 2022 as an Associate in its Sam's Club store on Harbison Boulevard in Columbia, South Carolina.

9. Plaintiff is currently a student at Midlands Technical College studying Criminal Justice.

10. Although Plaintiff was considered to be part-time by Defendant, Plaintiff frequently worked up to 38 hours a week.

11. Defendant never offered Plaintiff full-time benefits in accordance with her full-time status.

12. Per Defendant's policy, each Associate's attendance points are calculated on a rolling six-month basis, and if an Associate incurs more than 5.0 points for unexcused absences, he or she is subject to termination.

13. Per Defendant's policy, the first step an Associate should take if he or she requires military leave is to tell your manager that the Associate needs the leave.

14. On or about January 23, 2024, Plaintiff provided a letter to her manager at Sam's Club from the Department of the Army which notified Defendant that Plaintiff would

be absent from work on January 25, 2024 and January 26, 2024 to process for enlistment in the United States Army and requesting that said absences be considered "excused" under USERRA.

15.     On January 25, 2024 and January 26, 2024, Plaintiff attended the Military Entrance Processing Station ("MEPS") at Fort Jackson, South Carolina.

16.     After attending MEPS, Plaintiff again provided a letter to her manager at Sam's Club confirming that she had attended MEPS on January 25, 2024 and January 26, 2024.

17.     Immediately after these absences, Plaintiff checked her attendance points page in Defendant's online Global Time & Attendance system and confirmed that she had not received any attendance points for her excused absences.

18.     Per a settlement in the United States District Court for the District of Massachusetts, Defendant agreed to provide paid leave to its employees for absences related to military service up to 30 days in a calendar year. *See Nickolas Tsui, on behalf of himself and others similarly situated v. Walmart, Inc.,* 1:20-cv-12309-MPK (D. Mass., filed Dec. 31, 2020.)

19.     Plaintiff was not paid for her absences to attend MEPS.

20.     In fact, Defendant adjusted Plaintiff's schedule so that she was not scheduled to work on the days that she requested off to attend MEPS and would make up the time at a different date.

21.     On or about April 25, 2024, Plaintiff notified Defendant in writing that she would need a day off from work on May 1, 2024 to attend a police ride-along with the Town of Irmo Police Department required in furtherance of her criminal justice degree.

22. Plaintiff's supervisor acknowledged this request and stated that Plaintiff's absence would be excused.

23. On May 1, 2024, Plaintiff was absent from work to complete her ride-along with the Town of Irmo Police Department.

24. Upon returning to work, Plaintiff again checked her attendance points and noted that her May 1, 2024 absence was considered excused as expected.

25. On May 24, 2024, Plaintiff checked her points and noted that she had 3.0 attendance points listed in Defendant's system.

26. On May 24, 2024, when Plaintiff checked her points, neither the absences from her attendance at MEPS nor the absence from her attendance at the police ride-along were listed as unexcused.

27. On May 26, 2024, Defendant terminated Plaintiff's employment based solely upon Plaintiff's attendance points.

28. Plaintiff obtained a copy of her attendance points from Defendant's system, and suddenly it appeared that she had 11.0 attendance points.

29. Plaintiff's attendance points included 4.0 in total points for a "No Call Unexcused Absence" for her previously excused absences on January 25, 2024, and January 26, 2024, to attend MEPS, and 3.0 total points for "No Call Unexcused Absence" for her absence on May 1, 2024.

30. As a direct result of Defendant's termination of Plaintiff's employment, Plaintiff lost wages and benefits, as well as incurred attorney's fees to bring this action as well as other damages.

4

## FOR A FIRST CAUSE OF ACTION
(Violation of USERRA, 38 U.S.C. § 4311(b))

31.     Plaintiff repeats and realleges each and every allegation of Paragraphs One through Thirty as if restated herein verbatim.

32.     USERRA provides that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a).

33.     USERRA goes on to provide that "an employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has exercised a right provided for in this chapter." 38 U.S.C. § 4311(b). Finally, USERRA provides that "an employer shall be considered to have engaged in actions prohibited under subsection (a) if the person's . . . application for membership . . . in the uniformed services is a motivating factor in the employer's action." 38 U.S.C. § 4311(c)(1).

34.     In May 2024, Defendant violated USERRA by terminating Plaintiff's employment on the basis of her attendance at MEPS, which is a part of the application for membership in the uniformed services.

35.     Defendant's violation of USERRA was willful and in reckless disregard of Plaintiff's rights under the Act.

36.     As a result of Defendant's conduct against Plaintiff, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking and performing substitute

employment, and in earnings, bonuses, deferred compensation and other employment and has suffered, and continues to suffer, embarrassment, harm to reputation, humiliation, emotional distress, and mental anguish all to Plaintiff's damage in an amount to be proven at trial.

37. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of this action.

**WHEREFORE**, having fully set forth his allegations against Defendant, Plaintiff respectfully requests that this action be tried by a jury and prays that judgment be awarded against Defendant as follows:

A. Declare that Defendant's actions were in violation of USERRA's provisions.

B. Order that Defendant comply with the provisions of USERRA;

C. Order that Defendant pay Plaintiff all amounts due to her for lost wages and other benefits of employment caused by Defendant's violation of USERRA pursuant to 38 U.S.C. § 4323(d)(1)(B);

D. Order that Defendant pay liquidated damages to Plaintiff for an amount equal to her lost wages and benefits pursuant to 38 U.S.C. § 4323(d)(1)(C);

E. Award Plaintiff prejudgment interest;

F. Grant Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Sarah J.M. Cox
Jack E. Cohoon (Fed. Bar No. 9995)
Sarah J.M. Cox (Fed. Bar No. 13166)
Meredith C. Brown (Fed. Bar No. 14262)
BURNETTE SHUTT & McDANIEL, PA
912 Lady Street, Second Floor
P.O. Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7930
Fax: (803) 904-7910
JCohoon@BurnetteShutt.Law
SCox@BurnetteShutt.Law
MBrown@BurnetteShutt.Law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

July 19, 2024